ANGELINE R. PECK, APPELLEE, V. MARGARETHA STARKS, APPELLANT.

FILED APRIL 2, 1902.   No. 11,442.

1. **Vacation of Sale:** LIEN: DEDUCTION BY APPRAISERS: TWO-THIRDS VALUE. Where property sold in execution of a decree of foreclosure was struck off for more than two-thirds of its gross value, the wrongful deduction by the appraisers of one of the liens in suit will afford no ground for vacating the sale.

2. **Judicial Sale:** APPRAISERS: ERROR OF JUDGMENT. A judicial sale will not be set aside on the ground that the appraisers, through an error of judgment, underestimated the value of the property sold.

3. **"At the Court House."** The south door of a court house is "at the court house," within the meaning of section 503 of the Code of Civil Procedure.

APPEAL from the district court for Sherman county. Heard below before SULLIVAN, J., *Affirmed.*

*Richard G. Nightingale,* for appellant.

*W. R. Mellor, contra.*

SULLIVAN, C. J.

Appellants contend that the order of the district court confirming a sale of real estate made by the sheriff of Sherman county under a decree of foreclosure should be reversed for the reason that certain taxes which had been paid by the plaintiff and included in the decree were deducted from the gross value of the land as fixed by the appraisers. It appears that the land sold for more than two-thirds of the gross valuation. This being so, the error in the appraisement was not prejudicial. *La Selle v. Nicholls,* 56 Nebr., 458; *Bernheimer v. Hamer,* 59 Nebr., 733.

Another ground upon which it is claimed the order of confirmation should be reversed is hat the appraised value of the property was so low as to afford an inference of fraud or mistake in the appraisement. The appraisers and

the witnesses who testified for appellant differed greatly in their estimates of the value of the property, but the most that can be said against the appraisement is that it may have been the result of an honest mistake; there is nothing whatever in the record to indicate that it was fraudulent. The fact that witnesses differ from the appraisers in their estimate of the value of property about to be offered at judicial sale affords no reason for holding the appraisement to be illegal. *Wood v. Clark,* 58 Nebr., 115; *Brown v. Fitzpatrick,* 56 Nebr., 61; *Michigan Mutual Life Ins. Co. v. Richter,* 58 Nebr., 463.

A further reason urged against the sale is that it was advertised to take place, and did in fact occur, at the south door of the court house, which is not the door by which access to the court room is gained. The statute provides (Code of Civil Procedure, sec. 503) that all sales of lands or tenements under execution or order of sale shall be held "at the court house," if there be one in the county where such lands or tenements are situate. The south door of the court house must, it seems to us, be "at the court house." The reasoning by which counsel has undertaken to show that it is not, is, we must confess, too subtle and elusive for our comprehension.

The order of confirmation is

AFFIRMED.